DAVID N. WILLIAMS *v.* JOHN A. CARTER & BROTHER.

**Sale of Brandy—Acceptance of Proceeds, Though Sale Unauthorized—Waiver**

Brandy, which had been ordered by the owner to be shipped to him, but sold instead, and a statement of account rendered, with the sale price of the brandy entered thereon, and not objected to, cannot be claimed on account of non-delivery, or an advance later in price. The acceptance of the bill of sale, will be held to be a confirmation and waiver of any claim for non-shipment.

APPEAL FROM JEFFERSON CIRCUIT COURT, C. P.

September 18, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The brandy, which is the subject of this controversy, was sold the latter part of June, 1862, and this action was not brought till the 29th of June, 1865, three years after the sale, which would seem to be an acquiescence in the disposition of it, although appellant had just before the sale ordered it to be shipped to him; moreover in his letter under date of July 3rd, 1862, he wrote to appellees for an account of the sales, and a statement of the balance of his indebtedness to them, after the credit of the price of the brandy was entered, which he promised to arrange, and did pay shortly thereafter without objecting to the sale, or claiming to be entitled to a greater credit for the brandy, than the price for which it was reported to him to have been sold, this acceptance of the credit for the proceeds was a confirmation of the sale, and a waiver of any claim he might otherwise have had against appellees for a failure to ship the brandy to him, according to instructions, or an unauthorized sale of it.

36

Again no bill of exceptions is presented in the record, and this court cannot assume that the judgment was unauthorized by the evidence.

No errors are pointed out or perceived in the determination of any legal proposition involved.

Wherefore, the judgment is *affirmed*.

*James, for appellant.*

*Gibson, for appellee.*